UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY EUGENE KRUEGER,<br><br>Plaintiff,<br><br>vs.<br><br>PEOPLEREADY; KRISTY WILLS,<br><br>Defendants. | 4:23-CV-04077-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

Plaintiff, Tommy Eugene Krueger, filed a pro se lawsuit against Peopleready and Kristy Wills. Docket 1. Krueger moves for leave to proceed in forma pauperis and included a financial affidavit. Docket 3. Krueger also moves for appointment of counsel. Docket 2.

## I.    Motion for Leave to Proceed in Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen.*

*Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Krueger's financial affidavit, the court finds that he has insufficient funds to pay the filing fee. *See* Docket 3. Thus, Krueger's motion for leave to proceed in forma pauperis (Docket 3) is granted.

## II.     1915 Screening

### A.     Factual Background

The facts alleged in Krueger's complaint are: Peopleready has embezzled people's money, taken taxes from the business, and had "other people be someone else." Docket 1 at 1. Wills allegedly has embezzled money and used other people's identities. *Id.* at 2. The complaint alleges no other supporting facts. Krueger seeks $3,200 in damages, but the complaint does not provide any reasons why Krueger believes he is entitled to recover these damages. *Id.* at 4.

### B.     Legal Background

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 35 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Id.* (citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554-63)). If a complaint does not contain these bare

3

essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).

### C.   Jurisdictional Analysis

Based on the cursory allegations in the complaint, the court questions whether Krueger has pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But because federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), the court must first consider whether Krueger's complaint involves a dispute or controversy within its jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Krueger's complaint does not allege a cause of action arising under the Constitution, laws, or treaties of the United States.[1] Because federal-question jurisdiction under 28 U.S.C. § 1331 is inapplicable, the court must determine whether diversity jurisdiction exists. Diversity jurisdiction exists when the

---

[1] While embezzlement and identity theft are federal crimes, *see* 18 U.S.C. §§ 656-657; 18 U.S.C. § 1028, Krueger, a private plaintiff, does not have standing to enforce criminal laws. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("[T]he decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials[.]"); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (holding that private citizens cannot compel enforcement of criminal laws).

parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Krueger, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

According to Krueger's complaint, he is a resident of Sioux Falls, South Dakota. Docket 1 at 2. Krueger alleges that Wills resides in Tacoma, Washington. *Id.* Krueger's complaint does not contain any allegations regarding where Peopleready is incorporated or has its principal place of business. *See id.* at 1–4. On the basis of the allegations in Krueger's complaint, the court cannot determine whether there is complete diversity of citizenship. Thus, Krueger has not met his burden of demonstrating that the parties are citizens of different states. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." (citation omitted)); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (stating that when the complaint does not state the place of incorporation and the principal place of business of a corporate party, the pleadings are inadequate to establish diversity jurisdiction).

Krueger alleges that he is seeking monetary damages in the amount of $3,200. Docket 1 at 4. Because Krueger's complaint does not allege an amount in controversy in excess of $75,000, the court lacks subject-matter jurisdiction regardless of where Peopleready is incorporated or has its principal place of business. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) ("The proponent of diversity jurisdiction has the burden of proving the amount in controversy exceeds the jurisdictional minimum." (citation omitted)). In his civil cover sheet (JS 44), Krueger states that he is seeking $34 million in damages. Docket 1 at 6. But the civil cover sheet is not a pleading and cannot supplement the pleadings to establish subject-matter jurisdiction. The civil cover sheet specifically provides that "the information contained herein neither replace[s] nor supplement[s] the filing and service of pleadings or other papers as required by law[.]" *Id.*; *see also Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam) ("The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers."); Fed. R. Civ. P. 7 (defining pleading to include the complaint but not the civil cover sheet). Further, Krueger's statement that he is demanding $34 million is not plausible and directly contradicts his complaint. Krueger's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) due to lack of subject-matter jurisdiction. *See Sanders,* 823 F.2d at 216 (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases." (citation omitted)).

Thus, it is ORDERED:

1.    That Krueger's motion to proceed in forma pauperis (Docket 3) is granted.

2.    That Krueger's complaint (Docket 1) is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) due to lack of subject-matter jurisdiction.

3.    That Krueger's motion for appointment of counsel (Docket 2) is denied as moot.

Dated July 12, 2023.

BY THE COURT:

_/s/ Karen E. Schreier_

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE